Bradley P. Hartman (#017263)
**HARTMAN TITUS** PLC
3507 N. Central Ave., Suite 101
Phoenix, AZ 85012-2121
Phone: (602) 235-0500
Fax: (888) 506-6572
Email: bhartman@hartmantitus.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phantom I.P., LLC, a Delaware limited liability company; Phantom Fireworks Showrooms, LLC, a Delaware limited liability company; Phantom Fireworks Eastern Region, LLC, a Delaware limited liability company; Phantom Fireworks Western Region, LLC, a Delaware limited liability company; Phantom Importing & Distributing, LLC, a Delaware limited liability company; and Phantom Fireworks Store Sales, LLC, a Delaware limited liability company, | No. |
| | |
| Plaintiffs, | **COMPLAINT** |
| v. | (Jury Trial Demanded) |
| Phantom Fireworks Western Region, LLC, an Arizona limited liability company; Phantom Fireworks Eastern Region, LLC, an Arizona limited liability company; Joshua Trask, an individual; Jacque Trask, an individual; and La La Investments, Inc., an Arizona corporation, | |
| Defendants. | |

Plaintiffs Phantom I.P., LLC, Phantom Fireworks Showrooms, LLC, Phantom Fireworks Eastern Region, LLC, Phantom Fireworks Western Region, LLC, Phantom Importing & Distributing, LLC, and Phantom Fireworks Store Sales, LLC (together, "Plaintiffs"), by and through their undersigned counsel, hereby bring this Complaint for federal trademark infringement, federal trademark dilution, federal false designation of origin and unfair competition, and various violations of Arizona state law against Defendants

Phantom Fireworks Western Region, LLC, Phantom Fireworks Eastern Region, LLC, Joshua Trask, Jacque Trask, and La La Investments Inc. (together, "Defendants").  In support thereof, Plaintiffs state as follows:

## NATURE OF THE ACTION

1.      This action is for infringement of federal trademark registrations in violation of the Lanham Act, 15 U.S.C. §1114; false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); unlawful trade practices in violation of A.R.S. § 44-1522 (2020); unfair competition and infringement under Arizona common law; deceptive trade practices in violation of Utah Code Ann. §§ 13-11a-3(1)(b), (c), and (e); and trademark infringement and unfair competition in violation of Utah common law.  This action arises from Defendants' unauthorized use of Plaintiffs' registered PHANTOM and PHANTOM FIREWORKS trademarks as well as Defendants' formation and use of deceptive copycat business entities used to sell fireworks and/or provide "fireworks consulting."

## THE PARTIES

2.      Plaintiff Phantom I.P., LLC, is a Delaware limited liability company with its principal office located at 2445 Belmont Avenue Youngstown, Ohio 44505-2405.  Plaintiff Phantom I.P., LLC owns the asserted trademarks and licenses them to the other Plaintiffs named here.

3.      Plaintiff Phantom Fireworks Showrooms, LLC, is a Delaware limited liability company with its principal office located at 2445 Belmont Avenue, Youngstown, Ohio, 44505-2405.  Plaintiff Phantom Fireworks Showrooms, LLC, builds, manages, leases, owns, and operates retail stores for the sale of fireworks to consumers throughout the United States. Plaintiff Phantom Fireworks Showrooms, LLC regularly and routinely does business as "Phantom Fireworks."

4.      Plaintiff Phantom Fireworks Eastern Region, LLC is a Delaware limited liability company with its principal office located at 2445 Belmont Avenue, Youngstown, Ohio, 44505-2405.  Plaintiff Phantom Fireworks Eastern Region, LLC oversees and operates facilities such

2

as stands, tents or other temporary locations for the seasonal sales of fireworks in Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, Utah, Washington, West Virginia, and Wisconsin. In addition, Plaintiff Phantom Fireworks Eastern Region, LLC works closely with municipalities, local fire departments, and other organizations in the states where it operates in order to provides various sponsorships and to support fireworks awareness and safety.  Plaintiff Phantom Fireworks Eastern Region, LLC regularly and routinely does business as "Phantom Fireworks."

5.     Plaintiff Phantom Fireworks Western Region, LLC is a Delaware limited liability company with its principal office located at 2445 Belmont Avenue, Youngstown, Ohio, 44505-2405. Plaintiff Phantom Fireworks Western Region, LLC oversees and operates facilities such as stands, tents or other temporary locations for the seasonal sales of fireworks in Arizona, California, Hawaii, and Nevada.  In addition, Plaintiff Phantom Fireworks Western Region, LLC works closely with municipalities, local fire departments, and other organizations in the states where it operates in order to provides various sponsorships and to support fireworks awareness and safety.  Plaintiff Phantom Western Region, LLC regularly and routinely does business as "Phantom Fireworks."

6.     Plaintiff Phantom Importing & Distributing, LLC is a Delaware limited liability company with its principal office located at 2445 Belmont Avenue, Youngstown, Ohio, 44505-2405.

7.     Phantom Fireworks Store Sales, LLC is a Delaware limited liability company with its principal office located at 2445 Belmont Avenue, Youngstown, Ohio, 44505-2405.

8.     On information and belief, Defendant Phantom Fireworks Eastern Region, LLC is an Arizona limited liability company with its principal office located at 1900 West Carla Vista, Chandler, Arizona, 85246.  Defendant Joshua Trask is listed as the registered agent of Defendant Phantom Fireworks Eastern Region, LLC.  On information and believe, Defendant Phantom Fireworks Eastern Region, LLC does business as "Phantom Fireworks."

//

9.    On information and belief, Defendant Phantom Fireworks Western Region, LLC dba Phantom Fireworks is an Arizona limited liability company with its principal office located at 26 S. Rio Grande St., Salt Lake City, Utah 84101.  Defendant Phantom Fireworks Western Region, LLC holds a Utah registration to do business under the name "Phantom Fireworks."  On information and belief, Defendant Phantom Fireworks Western Region, LLC, does business as "Phantom Fireworks."

10.   On information and belief, Defendant Joshua Trask is a resident of Chandler, Arizona.  Defendant Joshua Trask, individually and "dba La La Investments, Inc." was previously a party to four separate "Fireworks Season Operator's Agreements" with Plaintiff Phantom Fireworks Western Region, LLC dba Phantom Fireworks.  On information and belief, Defendant Joshua Trask does business in his individual capacity as "Phantom Fireworks."

11.   On information and belief, Defendant Jacque Trask is a resident of Chandler, Arizona.  On information and belief, Defendant Jacque Trask does business in her individual capacity as "Phantom Fireworks."

12.   On information and belief, Defendant La La Investments, Inc. is an Arizona corporation with a principal office located at 1900 W. Carla Vista, #7994, Chandler, Arizona, 85246.  On information and belief, Defendant Jacque Trask is a Director and the Chief Financial Officer for Defendant La La Investments, Inc.  With Defendant Joshua Trask, La La Investments, Inc. was previously a party to four separate "Fireworks Season Operator's Agreements" with Plaintiff Phantom Fireworks Western Region, LLC dba Phantom Fireworks.

## JURISDICTION

13.   The Court has subject-matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121, which each confer original jurisdiction upon the Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks.  The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. §§1338(b) and 1367 because the state-law

4

claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14.     This Court has personal jurisdiction over Defendants because, upon information and belief, each Defendant: (1) resides or is incorporated with a  principal office in Arizona, (2) has transacted business within the State of Arizona and within this judicial district; and (3) has committed tortious acts specified herein within the State of Arizona.

## VENUE

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c). This Court has personal jurisdiction over Defendants because (1) each Defendant resides in this district; (2) each Defendant conducts business within this district; (3) the acts giving rise to the asserted claims are being committed within this district; and (4) Plaintiffs are suffering harm in this district.

## BACKGROUND FACTS

16.     Plaintiffs together make up the largest retailer of consumer fireworks in the United States.

17.     Plaintiffs sell fireworks, novelties, and related accessories through over a thousand wholly owned and third-party retail establishments and showrooms in forty-nine states across the country.  Plaintiffs operate under the Phantom Fireworks name, and sell PHANTOM and PHANTOM FIREWORKS branded products, in every state in the country that allows the sale of fireworks to consumers.

18.     Plaintiffs also sell commercial-grade fireworks to licensed pyrotechnics exhibitors throughout the United States.

19.     Plaintiffs' PHANTOM and PHANTOM FIREWORKS brands have been repeatedly featured in The New York Times®, The Wall Street Journal®, USA Today®, Newsweek®, Time®, and Yahoo!®, as well as countless local publications and media throughout the country.  Plaintiffs' PHANTOM and PHANTOM FIREWORKS brands have also repeatedly appeared on CNN®, FoxNews®, NBC News®, and CBS News®.

//

20.    Through longstanding and widespread advertising, sales, promotions, sponsorships and unsolicited media coverage, among other things, Plaintiffs' PHANTOM and PHANTOM FIREWORKS brands have become famous household names.

21.    Plaintiffs' iconic "phantom" character is one of the most well-known and recognizable brand symbols in the fireworks industry.



22.    Plaintiff Phantom I.P., LLC ("Plaintiff I.P.") owns *hundreds* of registered federal trademarks, including the following:

| MARK | REGISTRATION NUMBER | GOODS/SERVICES |
|---|---|---|
| PHANTOM | RN: 1,923,559 | Fireworks (Class 13) |
| PHANTOM & Design | RN: 1,923,560 | Fireworks (Class 13) |
| PHANTOM | RN: 3,252,958 | Retail stores featuring fireworks, t-shirts and hats; online retail store services featuring fireworks, t-shirts and hats (Class 35) |
| PHANTOM FIREWORKS | RN: 3,285,426 | Hats and t-shirts (Class 25) |

//

//

//

| PHANTOM FIREWORKS & Design | RN: 3,267,645 | Hats and t-shirts (Class 25) |
|---|---|---|
| PHANTOM DEFENDERS SERIES | RN: 6,223,502 | Fireworks (Class 13) |
| PHANTOM MAN-O-WAR | RN: 3,385,232 | Fireworks (Class 13) |
| PHANTOM STRIKE | RN: 3, 541,435 | Fireworks (Class 13) |
| PHANTOM DRAGON SLAYER | RN: 3,710,491 | Fireworks (Class 13) |
| PHANTOM'S FURY | RN: 3,821,039 | Fireworks (Class 13) |
| PHANTOM PIXIE DUST | RN: 4,004,572 | Fireworks (Class 13) |
| PHANTOM EXPRESS | RN: 4,013,383 | Fireworks (Class 13) |
| PHANTOM ULTIMATE PARTY | RN: 4,249,587 | Fireworks (Class 13) |
| PHANTOM PHANTASTIC | RN: 4,687,987 | Fireworks (Class 13) |

//

7

4894-9386-9846.5

| PHANTOM HERO SERIES | RN: 5,414,488 | Fireworks (Class 13) |
|---|---|---|
| PHANTOM INTERGALACTIC SERIES | RN: 5,858,941 | Fireworks (Class 13) |
| PHANTOM FUNNIES | RN: 5,962,910 | Fireworks (Class 13) |

(together, "the Phantom Marks").  *See* Combined Exhibit 1.

23.    Plaintiff I.P. also owns the domain name "www.fireworks.com" on which it advertises, offers, and sells PHANTOM-branded fireworks and merchandise.

24.    Plaintiff I.P. further owns the domain name "www.phantomfireworks.com", which redirects to www.fireworks.com.

25.    Plaintiff I.P. and its predecessors-in-interest have used the PHANTOM mark, PHANTOM FIREWORKS mark, and the Phantom Marks in connection with fireworks and retail store services featuring fireworks for over four decades.

26.    Over these four decades, Plaintiff I.P.—as well as its predecessors-in-interests— have regularly policed others' use of the Phantom Marks and have effectively stopped third-party infringing uses.

27.    Currently, Plaintiff I.P. licenses the Phantom Marks to Plaintiff Phantom Fireworks Showrooms, LLC, Plaintiff Phantom Fireworks Eastern Region, LLC, Plaintiff Phantom Fireworks Western Region, LLC, Plaintiff Phantom Importing & Distributing, LLC, and Plaintiff Phantom Fireworks Store Sales, LLC.  Plaintiff Phantom I.P. has <u>not</u> licensed the Phantom Marks to <u>Defendant</u> Phantom Fireworks Eastern Region, LLC, or to <u>Defendant</u> Phantom Fireworks Western Region, LLC.

//

8

28.     Plaintiffs helped pioneer the legal and regulated sale of fireworks to consumers in the United States by helping develop strict safety testing and control standards and by helping to establish various United States Consumer Product Safety Commission requirements applicable to the storage and sale of consumer-grade fireworks.

29.     Phantom Fireworks is a founding member of the American Fireworks Standards Laboratory ("AFSL"), which has set the default safety and quality standards for consumer fireworks imported from abroad since 1994.  Alan Zoldan, Phantom's Vice President, currently sits as the Vice President of the Board of Directors of the AFSL and has served as its past President.

30.     Through the development of voluntary standards and stringent testing to those standards, AFSL assures compliance with the United States' mandatory regulations for consumer fireworks established by the U.S. Consumer Product Safety Commission (CPSC) and the U.S. Department of Transportation (DOT).

31.     As of December 2015, AFSL has tested more than 100 million cases of consumer fireworks for U.S. members.  AFSL uses independent third-party testing services to assure that their products comply with the then-applicable technical requirements for fireworks.  Through a sophisticated network that covers the entire fireworks market in China, AFSL offers its services to every manufacturer involved in producing fireworks for the U.S. market.

32.     AFSL members represent approximately 75% of all U.S. fireworks importers. AFSL has been described repeatedly by U.S regulatory agencies as a role model for how other industries should work with international manufacturers to assure that products shipped to the U.S. comply with both mandatory and voluntary standards.

33.     AFSL also tests products in China at the factory level prior to shipment to the U.S. and maintains a complimentary products-testing program used by receiving warehouses.

34.     Plaintiffs are also members of, and are deeply involved in, the American Pyrotechnic Association, the Pyrotechnics Guild International, and countless other similar state and local safety and quality control organizations.

9

35.     Simply put, Plaintiffs' reputation for quality, value, safety, and selection is the gold standard in the consumer fireworks industry.

### Defendants' Prior License, Breach, and Settlement

36.     In 2018, Defendant Joshua Trask ("Defendant Joshua") entered into four agreements with Plaintiff Phantom Fireworks Western Region, LLC.

37.     As part of these agreements, Plaintiff Phantom Fireworks Western Region, LLC shipped to Defendant Joshua, who was able to purchase large quantities of Phantom Fireworks products fireworks at wholesale rates.

38.     However, after receiving shipments of fireworks, Defendant Joshua did not remit full payment and ultimately owed Plaintiff Fireworks Western Region, LLC several thousand dollars, plus interest.

39.     After Defendant Joshua refused to pay his outstanding business debt, Plaintiff Fireworks Western Region, LLC sued Defendant Joshua in Arizona state court in April of 2018 to recover the outstanding balance.  *See* Exhibit 2.

40.     The dispute with Defendant Joshua proceeded to arbitration and, after Plaintiff Fireworks Western Region, LLC, prevailed and secured an arbitration award, Defendant Joshua, Defendant Jacque Trask, and Defendant La La Investments Inc., entered into a settlement agreement with Plaintiff on April 29, 2021.

41.     While Plaintiff Fireworks Western Region, LLC and Defendant Joshua were negotiating the terms of this settlement agreement, Defendants – unbeknownst to the Plaintiffs – filed articles of organization to form business entities with names identical to Plaintiffs, including "Phantom Fireworks Eastern Region, LLC" (Entity ID 23211755) filed in Arizona on April 17, 2021 (with the trade name "Phantom Fireworks" filed in April 2021) and "Phantom Fireworks Western Region, LLC" with a "Phantom Fireworks" dba in Utah filed on April 19, 2021.  *See* Exhibits 3-4.

42.     La La Investments, Inc., with Defendant Jacque Trask as the Director and CFO, is listed as a member of both Defendant Phantom Fireworks Eastern Region, LLC and Defendant Phantom Fireworks Western Region, LLC.  *See* Exhibits 3-4.

10

43.     Defendants, directly, or indirectly through Defendants Joshua and Jacque Trask, were aware of Plaintiff Phantom Fireworks Eastern Region, LLC, when Defendants formed their copycat Defendant Phantom Fireworks Eastern Region, LLC, entity.

44.     On information and belief, Defendants, directly, or indirectly through Defendants Joshua and Jacque Trask, were aware of Plaintiff Phantom Fireworks Western Region, LLC, when Defendants formed their copycat Defendant Phantom Fireworks Western Region, LLC, entity.

45.     On information and belief, Defendants directly, or indirectly through Defendants Joshua and Jacque Trask, were aware of some or all of Plaintiffs' PHANTOM mark, PHANTOM FIREWORKS mark, and Phantom Marks when Defendants formed their copycat Defendant Phantom Fireworks Eastern Region, LLC, and Defendant Phantom Fireworks Western Region, LLC, entities.

46.     According to their filings, Defendants created their copycat entities for the purpose of providing "fireworks consulting." *See* Exhibits 3-4.  On information and belief, Defendants did so with the intent and purpose of capitalizing upon the goodwill associated with the Phantom Marks and disrupting and interfering with Plaintiffs' fireworks business, customers, and goodwill.

47.     On information and belief, Defendants took the actions complained of herein in an effort to retaliate against Plaintiff Phantom Fireworks Western Region, LLC for enforcing its contractual rights against Defendants in the proceedings described above.

**Plaintiffs' Cease and Desist Letter to Defendants**

48.     After Plaintiffs discovered Defendants' copycat business entities, Plaintiffs sent Defendants a cease-and-desist letter by certified mail on September 1, 2021.  *See* Exhibit 5.

49.     Defendants received the letters on September 9, 2021.

50.     Three days after receiving Plaintiffs' cease and desist letter, Defendants filed an amendment to one of its trade names, changing the listed services from "fireworks consulting" to "construction and repair services."  *See* Exhibit 6.

//

11

51.     On information and belief, Defendants provide consulting and retail services related to fireworks.

52.     On information and belief, Defendants market their services to the same consumers and prospects as Plaintiffs do.

53.     On information and belief, relevant consumers are likely to be confused as to the source, sponsorship, or affiliation of Defendants' products and services with Plaintiffs' products and services due to Defendants' infringing use of the well-known "PHANTOM" and "PHANTOM FIREWORKS" names and brands.

54.     On information and belief, Defendants willfully and intentionally misappropriated the Phantom Marks, as well as Plaintiffs' entity names.

55.     Plaintiffs have no adequate remedy at law.  In addition to financial harm, Defendants' conduct has caused and, if allowed to continue, will continue to cause, irreparable damage to Plaintiffs' business, reputation, and goodwill.  Plaintiffs' monetary damages are not yet determined.

## FIRST CLAIM FOR RELIEF

### INFRINGEMENT OF A REGISTERED TRADEMARK
### UNDER THE LANHAM ACT, 15 U.S.C. § 1114

56.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

57.     The Phantom Marks are incontestable pursuant to 15 U.S.C. § 1065 or are otherwise inherently distinctive or distinctive by virtue of secondary meaning.

58.     Plaintiffs have used the Phantom Marks in interstate commerce throughout the United States for nearly four decades.

59.     Defendants' acts, practices, and conduct complained of herein constitute unfair competition and false designations of origin insofar as they are likely to cause confusion, mistake, or deception as to the source, affiliation, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants, or its products, services, or commercial activities, within the meaning of 15 U.S.C. § 1114.

12

60.     Defendants' acts complained of herein were knowing, intentional, willful, and made with the intent to cause confusion, mistake, or deception, or otherwise to compete unfairly with the Plaintiffs.

61.     Defendants' acts jeopardize the goodwill symbolized by Plaintiffs' Phantom Marks, causing serious and irreparable injury to Plaintiffs, as well as a likelihood of such future harm, for which Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
UNDER THE LANHAM ACT, 15 U.S.C.§ 1125(a)**

62.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

63.     The Phantom Marks are registered and are distinctive.

64.     In addition to the rights conveyed by the registration of the Phantom Marks, Plaintiffs hold common-law rights in and to the marks represented by the Phantom Marks through the Plaintiffs' use thereof in interstate commerce and within the State of Arizona.

65.     Plaintiffs have used the Phantom Marks in commerce throughout the United States.

66.     Defendants' acts, practices, and conduct complained of herein constitute unfair competition and false designations of origin, insofar as they are likely to cause confusion, mistake, or deception as the source, affiliation, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants, or its products, services, or commercial activities, within the meaning of 15 U.S.C. § 1125(a).

67.     Defendants' acts complained of herein were knowing, intentional, willful, and made with the intent to cause confusion, mistake, or deception, or otherwise to compete unfairly with the Plaintiffs.

68.     Defendants' acts jeopardize the goodwill symbolized by the Phantom Marks, causing serious and irreparable injury to Plaintiffs, as well as a likelihood of such future harm, for which Plaintiffs have no adequate remedy at law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD CLAIM FOR RELIEF

**TRADEMARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C.§ 1125(c)**

69.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

70.     Plaintiffs' PHANTOM and PHANTOM FIREWORKS marks ("Plaintiffs' Famous Marks") became famous and well-known symbols of Plaintiffs' fireworks products and services well before Defendants began using similar business entity names, trade names, and trademarks.

71.     Defendants are making use of Plaintiffs' Famous Marks in commerce, which dilutes and is likely to dilute the distinctiveness of Plaintiffs' Famous Marks by eroding the public's exclusive identification of the marks with the Plaintiffs, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Plaintiffs' goods and services.

72.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Famous Marks or otherwise create an association with Plaintiffs' Famous Marks to the great and irreparable injury of Plaintiffs.

73.     Defendants have caused, and will continue to cause, irreparable injury to Plaintiffs' goodwill and business reputations as well as dilution of the distinctiveness and value of Plaintiffs' Famous Marks in violation of 15 U.S.C. § 1125(c).  Plaintiffs, therefore, are entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

74.     Defendants' acts jeopardize the goodwill and source-identifying nature of Plaintiffs' Famous Marks, causing serious and irreparable injury to Plaintiffs, as well as a likelihood of such future harm, for which Plaintiffs have no adequate remedy at law.

//

//

//

//

14

**FOURTH CLAIM FOR RELIEF**

**UNLAWFUL TRADE PRACTICES IN VIOLATION OF
AZ REV. STAT. § 44-1522 (2020)**

75.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

76.     Plaintiffs have used one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and Phantom Marks throughout Arizona such that each of them has become a strong and valuable identifier of Plaintiffs' goods and services.

77.     Defendants' use of the Phantom Marks in Arizona is a deceptive, unfair act or practice and misrepresentation in connection with the sale or advertisement of Defendants' merchandise and likely to mislead and deceive consumers as to the source, sponsorship, approval, or certification of Defendants' merchandise.

78.     Defendants' use of the Phantom Marks in Arizona has created, and is creating, a likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants' merchandise with those of Plaintiffs.

79.     Defendants' acts, practices, and conduct complained of herein constitute unfair competition in violation of AZ Rev Stat § 44-1522. Defendants' acts complained of herein were willful, knowing, malicious, and in conscious disregard of Plaintiffs' rights.

80.     Defendants' acts complained of herein have caused serious and irreparable injury to Plaintiffs and, if not restrained by this Court, will continue to cause Plaintiffs serious and irreparably injury, for which Plaintiffs have no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN
VIOLATION OF ARIZONA COMMON LAW**

81.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

//

//

15

82.     Plaintiffs have used one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and Phantom Marks throughout Arizona such that each of them has become a strong and valuable identifier of Plaintiffs' goods and services.

83.     Defendants' use of the Phantom Marks in Arizona has created, and is creating, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of Defendants' goods and services with those of the Plaintiffs.

84.     Further, Defendants' use of "Phantom Fireworks," "Phantom Fireworks Eastern Region, LLC," and/or "Phantom Fireworks Western Region, LLC" to promote their goods and services was calculated to mislead ordinary purchasers and to lead them to believe that Defendants' goods and services are those of the Plaintiffs.  Defendants' conduct consists of representations by them for the purpose of deceiving the public that its goods and services are those of the Plaintiffs.

85.     Defendants' acts complained of herein have caused and will continue to cause Plaintiffs substantial injury, including loss of customers, damage to goodwill, confusion of potential customers, injury to reputation, and diminution of value of intellectual property.

86.     Defendants' acts complained of herein constitute violations of the common law of Arizona, which prohibits trademark infringement and unfair competition.

87.     Defendants have willfully engaged in acts of trademark infringement and unfair competition as alleged herein.

88.     Defendants' acts of trademark infringement and unfair competition have caused serious and irreparable injury to Plaintiffs and, if not restrained by this Court, will continue to cause Plaintiffs serious and irreparable injury for which Plaintiffs have no adequate remedy at law.

//
//
//
//

16

## SIXTH CLAIM FOR RELIEF

### DECEPTIVE TRADE PRACTICES IN VIOLATION OF
### UTAH CODE ANN. §§ 13-11A-3(1)(B), (C), AND (E)

89.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

90.     Plaintiffs have used one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and Phantom Marks throughout Utah such that each of them has become a strong and valuable identifier of Plaintiffs' goods and services.

91.     Upon information and belief, Defendants have used one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and the Phantom Marks for fireworks-related goods or services in Utah in  a manner that has caused, and will continue to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of their services in violation of Utah Code Ann. §§ 13-11a-3(1)(b), (c), and (e).

92.     On information and belief, and as alleged above, Defendants have engaged in deceptive trade practices in willful and deliberate disregard of Plaintiffs' rights in the PHANTOM mark, PHANTOM FIREWORKS mark, and/or the Phantom Marks and the interests of the consuming public.

93.     By reason of Defendants' deceptive trade practices, Plaintiffs have suffered, and are continuing to suffer, damages and irreparable harm.

94.     By reason of the foregoing, Plaintiffs are entitled to injunctive and monetary relief against Defendants, along with its attorneys' fees and costs, pursuant to at least Utah Code Ann. §§ 13-11a-4(2)(a), (b), and (c).

## SEVENTH CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN
### VIOLATION OF UTAH COMMON LAW

95.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth here.

17

96.    Plaintiffs have used one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and the Phantom Marks throughout Utah such that each of them has become a strong and valuable identifier of Plaintiffs' goods and services.

97.    Upon information and belief, Defendants have used one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and the Phantom Marks for fireworks-related goods or services in Utah.

98.    Defendants' use of one or more of the PHANTOM mark, PHANTOM FIREWORKS mark, and the Phantom Marks in commerce has created, and is creating, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of Defendants' goods and services with those of the Plaintiffs in violation of Utah Code Ann. § 13-5a-101 *et seq*.

99.    Further, Defendants' use of "Phantom Fireworks" and/or "Phantom Fireworks Western Region, LLC" to promote their goods and services was calculated to mislead ordinary purchasers and to lead them to believe that Defendants' goods and services were those of the Plaintiffs.   Defendants' conduct consists of representations by them for the purpose of deceiving the public that its services are those of the Plaintiffs.

100.    Defendants' acts complained of herein constitute violations of the common law of Utah, which prohibits trademark infringement and unfair competition.

101.    Defendants have willfully engaged in acts of trademark infringement and unfair competition as alleged herein.

102.    Defendants' acts of trademark infringement and unfair competition have caused serious and irreparable injury to Plaintiffs and, if not restrained by this Court, will continue to cause Plaintiffs serious and irreparable injury for which Plaintiffs have no adequate remedy at law.

## **JURY DEMAND**

103.    Plaintiffs request a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

18

A.      Permanently enjoining Defendants, their officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with them from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

(1) Using and infringing on the Phantom Marks or any mark, designation, entity name, or trade that is confusingly similar to the Phantom Marks;

(2) Advertising, displaying, or promoting any product or service in any manner by using the Phantom Marks, or any designation that is confusingly similar thereto;

(3) Holding out or suggesting in any manner whatsoever, that Defendants, or their products or services, are in any way sponsored by, associated with, or affiliated with Plaintiffs, or Plaintiffs' services in any way; and

(4) Engaging in any other activity constituting unfair competition with Plaintiffs or constituting infringement of or unfair competition with the Phantom Marks;

B.      Ordering Defendants to promptly file with the Court and serve upon Plaintiffs a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with any injunction issue by the Court, pursuant to 15 U.S.C. § 1116(a);

C.      Ordering, pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiffs, at Defendants' costs, all documents, contracts, and advertisements in the possession of Defendants, their agents, servants, employees, and all other persons in active concert or participation with any of them bearing "Phantom," "Phantom Fireworks," "Phantom Fireworks Eastern Region, LLC," and/or "Phantom Fireworks Western Region, LLC"—or any other confusingly similar designation;

D.      Ordering Defendants to promptly and permanently cease all uses of all the names "Phantom," "Phantom Fireworks," "Phantom Fireworks Eastern Region, LLC," and "Phantom Fireworks Western Region, LLC," or any other confusingly similar designation, in connection with the provision or promotion of any product or service, all at Defendants' costs;

//

//

E.      Ordering the cancellation of the trade name "Phantom Fireworks" in accordance with A.R.S. § 44-1460.07 and ordering a name change of the "Phantom Fireworks Western Region, LLC" entity in accordance with Utah law.

F.      Ordering Defendants to provide a detailed accounting to Plaintiffs with respect to all transactions relating to their unlawful acts and omissions complained of herein, including: (1) gross revenues resulting from such actions; and (2) their total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits;

G.      Ordering Defendants to pay over to Plaintiffs all gains, profits, and advantages realized by Defendants from their unlawful acts and omissions complained of herein, pursuant to 15 U.S.C. § 1117;

H.      Ordering Defendants to pay compensatory damages in the form of corrective advertising costs;

I.      Declaring this case exceptional under 15 U.S.C. § 1117(a);

J.      Ordering Defendants to pay to Plaintiffs the costs of this action, Plaintiffs' reasonable attorneys' fees, and all damages suffered by Plaintiffs in an amount to be determined at trial, plus interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to state law; and

K.      Ordering Plaintiffs such other and further relief as the Court may deem just and proper.

//
//
//
//
//
//
//
//

20

4894-9386-9846.5

DATED this 11th day of May 2022.

**HARTMAN TITUS PLC**


By:  /s/ Bradley P. Hartman
Bradley P. Hartman
3507 N. Central Ave., Suite 101
Phoenix, Arizona 85012-2121
Tel: 602-235-0500
Fax: 888-506-6572
Email: bhartman@hartmantitus.com


**ICE MILLER LLP**


T. Earl LeVere
(*Pro Hac Vice* Motion to be filed)
Ice Miller LLP
250 West St., Suite 700
Columbus, Ohio 43215
Tel:  614-462-1095
Email:  Earl.LeVere@IceMiller.com

Matthew R. Grothouse
(*Pro Hac Vice* Motion to be filed)
Ice Miller LLP
200 West Madison, Suite 3500
Chicago, Illinois 60606
Tel:  312-726-2528
Email:  Matt.Grothouse@IceMiller.com

*Attorneys for Plaintiffs*

21

4894-9386-9846.5