**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Phantom IP LLC, et al., | No. CV-22-00802-PHX-DJH |
| Plaintiffs, | **CONSENT JUDGMENT** |
| v. | |
| Phantom Fireworks Western Region LLC, et al., | |
| Defendants. | |

Pending before the Court is a Joint Motion to Approve Consent Judgment filed by Plaintiffs Phantom I.P., LLC, Phantom Fireworks Showrooms, LLC, Phantom Fireworks Eastern Region, LLC, and Phantom Fireworks Western Region, LLC, and Defendants Joshua Trask, Jacque Trask, Phantom Fireworks Eastern Region, LLC, Phantom Fireworks Western Region, LLC, and La La Investments, Inc. (Doc. 30). Plaintiffs and Defendants agree to the entry of this Order to resolve all matters in dispute in this action between them.

Accordingly,

**IT IS ORDERED** that the Court grants the parties' Joint Motion to Approve Consent Judgment (Doc. 30) and adopts their stipulated settlement terms. (*Id*. at 3–7).

**IT IS FURTHER ORDERED** as follows:

///

///

///

///

**FINDINGS**

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121, 28 U.S.C. §§1338(b) and 1367, and personal jurisdiction over each of the Defendants.  The Complaint (Doc. 1) states a claim upon which relief may be granted against Defendants.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

2.      The Complaint alleges that Defendants violated 15 U.S.C. § 1114 of the Lanham Act (for infringement of a federal trademark registration), 15 U.S.C. § 1125(a) of the Lanham Act (for false designation of origin and unfair competition), 15 U.S.C. § 1125(c) of the Lanham Act (for trademark dilution), A.R.S. § 44-1522 (2020) (for unlawful trade practices), Arizona common law (for common-law unfair competition and trademark infringement), Utah Code Ann. §§ 13-11a-3(1)(b), (c), and (e) (for deceptive trade practices), and Utah common law (for common-law trademark infringement and unfair competition) based on Defendants' alleged unauthorized use of Plaintiffs' registered PHANTOM and PHANTOM FIREWORKS trademarks as well as Defendants' formation and alleged unauthorized use of deceptively named business entities used to sell fireworks and/or to provide "fireworks consulting."

3.      Plaintiffs and Defendants have agreed to resolve Plaintiffs' claims without the need for further litigation by entering into this Order.

4.      Defendants, by and through their counsel, have consented to entry of this Order without trial or adjudication of any issue of fact or law and agreed to waive any appeal if the Order is entered as submitted by the parties.

5.      Defendants, by entering into this Order, do not admit any allegations of wrongdoing or violations of applicable laws, regulations, or rules governing their conduct or with respect to any persons identified for redress or remediation in connection with this Order, other than those facts of the Complaint deemed necessary to the jurisdiction of this Court.

6.      Without trial or adjudication of issues of fact or law, and without this Order constituting evidence against Defendants except as otherwise noted, and upon consent of

Defendants, there is good and sufficient cause to enter this Order as the full and final judgment on all of the claims asserted in Plaintiffs' Complaint and all of the defenses asserted in Defendants' Answer (Doc. 19).

**ORDER**

**I. DISSOLUTION OF ENTITIES AND INJUNCTION**

**AGAINST FUTURE USE OF THE PHANTOM FIREWORKS TRADEMARK**

**IT IS ORDERED**:

1.     Defendants shall within thirty (30) days of the entry of this Order dissolve all entities where the term "PHANTOM," "PHANTOM FIREWORKS," the equivalent variation of either, or any other trademark owned by Plaintiffs constitutes any part of any entity name or tradename filed by any of the Defendants in any state of the United States or constitutes any part of the name of any entity name of which any Defendant is a member, owner, or is otherwise affiliated.

2.     Defendants shall within thirty (30) days remove all filings (including foreign business registrations, licenses, permits, trade names, etc.) where the term "PHANTOM," "PHANTOM FIREWORKS," the equivalent variations of either, or any other trademark owned by Plaintiffs constitutes any part of any entity name, trademark, or tradename filed by any of the Defendants or constitutes any part of the name of any entity name of which any Defendant is a member, owner, or is otherwise affiliated.

3.     Defendants agree that they, along with any entity of which any of them are agents, members, owners, or are otherwise affiliated, shall be permanently enjoined from (a) creating any entity containing the term "PHANTOM" (including any equivalent or confusingly similar variation thereof) or any other of Plaintiffs' trademarks now existing or obtained in the future, (b) from using and/or applying to register any trade name or trademark containing the term "PHANTOM" (including any equivalent or confusingly similar variation thereof) or any other of Plaintiffs' trademarks now existing or obtained in the future, and (c) from asserting rights in any name containing the term "PHANTOM" (including any equivalent or confusingly similar variation thereof) or any other of

- 3 -

Plaintiffs' trademarks now existing or obtained in the future.  This paragraph shall not be construed to abridge or otherwise adversely affect any common law rights acquired by Defendants, now existing or in the future, through actual or constructive use to any mark or tradename that is unrelated to any registered or common-law trademark owned by any of the Plaintiffs, including, but not limited to, the term "PHANTOM."

## II. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that a judgment in the amount of $15,000 is entered against Defendants, jointly and severally, and in Plaintiffs' favor.  This amount represents a compromise of disputed claims and represents a portion of the fees and costs incurred by Plaintiffs in connection with the claims asserted in the above-captioned action.  Defendants are ordered to pay this amount within seven (7) days of the entry of this Order.  If Defendants fail to satisfy this judgment within seven (7) days of the entry of this Order, Plaintiffs may begin execution proceedings, including seeking an order of contempt from this Court.

## III. AFFIDAVIT OF COMPLIANCE

**IT IS FURTHER ORDERED**:

1.     Within thirty (30) days of the entry of this Order, Defendants shall fully and completely disclose to Plaintiffs in the form of an affidavit all names, dbas, brands, and trademarks of all business entities, partnerships, joint ventures, and other business arrangements that Defendants own, control, participate in, or are otherwise affiliated with in any way where the term "PHANTOM," "PHANTOM FIREWORKS," the equivalent variation of either, or any other trademark owned by Plaintiffs constitutes any part of the name, dba, brand, or trademark of such business entity, partnership, joint venture, or other business arrangement, and, in accordance with Section I, ¶ 1 of this Order, shall confirm that they have dissolved all such entities and abandoned all such dbas, brands, and trademarks.

2.     Within thirty (30) days of the entry of this Order, Defendants shall fully and completely disclose to Plaintiffs in the form of an affidavit all of Defendants' uses of the

term PHANTOM (or any similar variation thereof), regardless of whether such use constituted a trademark use under the Lanham Act and applicable case law and shall confirm that they have ceased all such uses, if any.

3.      Within thirty (30) days of the entry of this Order, Defendants shall fully and completely disclose to Plaintiffs in the form of an affidavit all revenue received by Defendants, if any, associated with the use of the term PHANTOM (or any similar variation thereof), regardless of whether such use constituted a trademark use under the Lanham Act and applicable case law.

4.      Within thirty (30) days of the Court's entry of this Order, Defendants shall provide to Plaintiff an affidavit of compliance that confirms Defendants' compliance with all of the terms of the Order.

## IV. ENFORCEMENT

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to interpret and to enforce the terms of this Order and the permanent injunction imposed hereby. The parties may jointly seek to modify the terms of this Order, subject to the approval of this Court. This Order may be modified only by order of this Court. Any enforcement action under this Order may be brought solely by a Party. No provision of this Order shall be construed as providing a private right of action to enforce the terms of this Order. Any party seeking to enforce this Order shall be entitled to recover its costs and reasonable attorneys' fees incurred in connection with such enforcement efforts.

## V. OTHER TERMS

**IT IS FURTHER ORDERED**:

1.      Any or all of the Plaintiffs may withdraw from this Order and declare it null and void with respect to it or them if Defendants fail to make the payment required under this Order.

2.      Nothing in this Order shall relieve Defendants of their obligations to comply with applicable state and federal law.

3.      The parties intend for this Order to define the full extent of their legally enforceable undertakings. The parties do not intend that any representations or statements made in any prior conversations, discussions, negotiations, correspondence, or writings between them be legally enforceable, and all other agreements and understandings between them relating to the subject matter of this Order are superseded hereby. The parties will execute and deliver to each other any and all such further documents and instruments, and shall perform any and all such other acts, as reasonably may be necessary or proper to carry out or effect the purposes of this Order.

4.      This Order will be construed in accordance with, and any dispute or controversy arising from any breach or asserted breach of this Order will be governed by, the laws of the State of Arizona.

Dated this 14th day of September, 2022.

Honorable Diane J. Humetewa
United States District Judge

- 6 -